Smith, J.
(Reportéd by himself.)
The errors assigned in this case, are that the trial court erred
1. In refusing to grant the defendant below a new trial.
2. In the charge given to the jury, as excepted to, and in refusing to charge as requested by the counsel for the defendant; and
3. In holding that the wife of defendant was not a competent witness, and in refusing to allow her to testify in the case.
We are met, however, at the outset by the suggestion of the prosecuting attorney that there is no legal or proper bill of exceptions in the case, and therefore, that the court can not consider the errors assigned.
The bill in question is signed by the trial judge, and it recites that it is sealed by him, but no seal appears thereon. Is this fatal ?
*302 -Section 7304, which provides for a bill of exceptions in criminal cases, directs that it be signed and sealed, differing in this respect from what is required as to bills of exceptions in civil cases, which only need to be signed. Section 5302.
The case cited from 35 O. S., 482, distinctly decides that when the statute requires a bill to be sealed, it must be complied with or it cannot be considered as such.
Is this provision affected by subsequent legislation ?
Prior to March 29,1883, the seal so to be affixed was the private seal of the judge signing it, and section 4 of the Revised Statutes, provided that a scroll seal was valid and sufficient.
On the 29th of March, 1883, an act was passed amending this section 4, abolishing all private seals, and providing that the affixing of what has been known as a private seal to any instrument whatever shall not give such instrument any additional force or effect, or in any way change the effect thereof. (3 Revised Statutes, page 2.)
The effect of this, we think, is to make good as a bill of exceptions in a criminal case, one signed but not sealed.
The action of the court in excluding the wife of the defendant as a witness was clearly right. 20 O. S., 333.
Did the court err in refusing to charge as requested, or in the charge as given, and excepted to?
Preliminary to this question as to whether the court erred in refusing to give the special charge asked for after the regular charge was given, it is claimed by the prosecuting attorney that even if the charge requested was good law, and applicable to the case, the court was not bound to give it, because it was not asked for before the argument, or the giving of the regular charge.
We do not so understand the law. Section 7300, Rev. Stats., points out the mode in which the trial is to be conducted.
1. Written charges may be submitted to be given before the argument.
2. General charge — There is no express provision for asking a special charge after the general one, but the practíceos uniform, so far as we know, to do so, and we think it isjrecognized in numerous cases, and is a wise and reasonable one. Counsel are authorized to wait and see what the charge is, and if it is *303 not satisfactory, or anything be omitted, then to calljthe attention of the court to such points, and request charges.
We are brought then to a, consideration of the question, whether the errors assigned as to the charge are well taken.
That the points made may be fully understood, it is necessary to make a brief statement of the case.
The defendant was indicted for shooting Podesta with intent to kill him, and in a second count with shooting him with intent to wound him; and was convicted on the latter charge, and sentenced by the court to imprisonment in the penitentiary. The defense made under the plea of not guilty was, that he had acted in the proper defense of himself, against a felonious assault made upon him by,the prosecuting witness.
The evidence in the case clearly tended to show this state of fact: That within a few months prior to this shooting the house of Venable had, on several occasions, been wrecked, as-he terms it, by a mob, headed by Podesta; that on these occasions he had been shot several times and badly beaten,' and that he knew on this day that Podesta had previously threatened to kill him.
That on this night the prosecuting witness came to the-house of the defendant in a drunken and raging condition, and demanded of him the keys of a building to which he had no right whatever, and which were lawfully in the custody of Venable; that as he demanded them, he stood over the defendant and threatened to kill him, using the most opprobrious epithets towards him; that Venable asked him to go away and not bother him further; but on his refusal to-give Podesta the keys, the latter struck him on the head with a brick which he held in his hand, badly injuring him, and that the defendant had done nothing whatever to justify such conduct; that thereupon a scuffle ensued between them, and the defendant managed to get away from him and inside of his door, near which he was standing. At this time Podesta. struck at him with a knife which he had concealed in his sleeve, the blade being open, but it missed him ; that the blow on the head so stunned the defendant that he hardly *304 knew what he was doing, but succeeded in getting inside of the door, Podesta following him.
That when the defendant got inside, he reached for and got a pistol which was lying on a shelf behind the counter near the door, and Podesta at this time, holding a bowlder in his hand, and only a few feet distant, was attempting to force open the door, or what was left of it, the glass window in it being demolished, and just as Podesta was in the act of hurling the bowlder at him, the defendant fired the pistol at him, believing it was the only way in which he could save his life.
There being evidence, I say, strongly tending to show such' a state of facts, the court charged the jury upon the law of self-defense, and in the main, as we think, fairly and correctly. But it is urged by counsel for plaintiff in error that in one branch of the general charge, and in the refusal to give the special charge asked for, the court erred to the prejudice of the defendant below.
The portion of the general charge referred to is this: “Nor does the right of self-defensé arise if the person can reasonably rely for protection upon legal authority, or can reasonably get out of the way of danger.”
And the charge asked to be given, and which was refused, is this:
“ Where a person in the lawful pursuit of his business, and without blame, is violently assaulted by one who manifestly ■or maliciously intends or endeavors to kill him, the person so assaulted, without retreating, although it he in his power to do so without increasing his danger, may kill his assailant, if necessary to save his own life, or prevent enormous bodily harm.”
As the charge thus requested is the exact language of the syllabus of the decision of the supreme court, in 29 O. S., 186, and has not since been overruled or modified, there can be no ■controversy but that it is the law of this state, and that all the •other courts are bound by, and must adhere to it. And this being so, the language of the general charge, which I have ■quoted, as we understand it, is in direct conflict with it, and ■ought not to have been so given to the jury. The trial judge, as the bill of exceptions shows, when asked to give the special •charge, does not deny, but asserts that it was good law, but *305 declined to give it to the jury on the ground that it did not apply to the case, and that the jury-had been sufficiently instructed. There is nothing equivalent to the charge asked for in the general charge; but, on the contrary, the language used in it is, as we think, in direct conflict with the law laid down by the supreme court in the syllabus quoted.
J. O. Harper and Howard Ferris, for Venable.
Pugh and Jordan, Prosecuting Attorneys, contra.
But why did it not apply to the case on trial? We are utterly unable to see any reason for so holding. If the evidence did tend to show the state of fact which I have recited, and which the bill of exceptions clearly shows to be true, it certainly was pertinent to the case, and should have been given on request, and the court erred in not doing so.
The judgment will be reversed with costs and remanded for .a new trial, or such proceeding as may be warranted by law.